Thank you, Your Honours. Good morning and may it please the Court. My name is Elizabeth Rodriguez and I'm appearing for Petitioner Juan Barcenas and I would like to reserve one minute for rebuttal. The two issues that I would like to focus on today is whether there was an abuse of discretion by the Courts below and not allowing Petitioner sufficient time to properly prepare and document his motion to reopen, and the second is whether fraudulent representation by a notario is sufficient cause to reopen in an absentia removal order. As to the first issue, we would argue there was an abuse of discretion when considering that Petitioner was detained at the time that the motion was filed and the Attorney was limited to requesting all pertinent documents via Freedom of Information Act request, which is practice and Petitioner could not submit a declaration based on facts he was not aware of. If anything, the only things that he was aware of at that time was that he had a prior order of removal and that he believed an Attorney that he later consulted with that there was nothing he that the actions by the notario or the subsequent Attorney that he consulted acted ineffectively. Petitioner's Attorney was held and Petitioner was held to have a full understanding of Petitioner's case within a matter of just a few weeks. He filed his motion and within less than a month that petition was there was a decision on that motion, all while he also had a concurrent case for withholding and convention against torture with the immigration judge. The time it took to get all the necessary documents was not unreasonable given neither the Attorney nor the Petitioner had control over how FOIA requests are processed. It is the government's that Petitioner did not Petitioner not only should have been fully appraised of facts, he never had a reason to doubt, but that he should also have filed a petition for review while he also had a pending withholding convention against torture claim to focus on while also being detained. I would argue that that is discretionary and that this court could toll both the numerical limitations and also the timeliness factor. Our argument is that it would be unreasonable to expect a respondent to file a petition for review while he still has a pending case and also would be against this court's interest because it would cause further litigation. And then just finally we would argue that here fraudulent representation by Notario was sufficient to reopen a removal order because it is clear that Petitioner asked about his initial hearing and he was specifically told by that Notario not to attend. This court has reviewed similar cases and has found that that is a sufficient cause and does not require Losada compliance. Had the Notario refrained from giving that faulty advice, Petitioner would have attended his hearing and he would have had been given an opportunity to meaningfully request his relief. Also very briefly since I have the time, I would note we already put this on the response to respondent's motion for summary disposition but again we would just note that currency in terms of jurisdiction for the initial case that noticed to appear did not include the immigration court address the NTA and that is required by both the statute and the regulations so that is how we are distinguishing currency from this case and we would ask for this court to remand to for further review of that issue. Counselor didn't your client wait over 15 years to file his motion to reopen? Yes he well he did your honor essentially but the only reason he did that is because after he found out that his he had an absentia order he did go to another attorney he does my understanding is he doesn't know who that attorney was and that's why no Losada compliance was made as to that factor but at that time he was told there was nothing to be done so until his most recent detention in 2017 when he spoke to his most recent counsel Mr. Hiltz there was no question of what he could do in fact he only wanted he requested withholding incommensurate against torture because when he was returned to Mexico to his country in 2008 he had several things happen to him to where he wanted to claim a fear so his intent from the beginning of when he was just recently detained wasn't even to do a motion to reopen because there's no reason why he would believe that was even an option because that he nobody ever asked him about it. So counsel how are we supposed this is Judge Wardlock how are we so you have there seems to be parallel proceedings here you had the proceedings on the motions to reopen and the whole Losada thing where apparently you didn't meet the requirements of Losada and then you had a separate petition for review based on the merits of his claims? Yes so initially when he first retained us he like I said he had a claim to fear and he was only eligible for withholding incommensurate against torture because he had a prior order of removal based on that in absentia order and I'm sorry your honor I can you repeat the question I think I might have missed the point of your question. The point of my question is we're evaluating essentially two petitions for review right? Oh yes yes. Or are they merged into one? I would say that that they are because what I was saying earlier taking into consideration that when he did file the the appeal for the motion to reopen and then try to then reconsider the that decision which was actually take taken as a motion to to reopen because of the substance of the of the case at that time he had still his pending withholding convention against torture case concurrently being litigated so I guess what we're arguing. So my question to you counsel is why are you not arguing anything to do with the merits here? I well because we have I had already or not me actually the person who wrote the opening brief already discuss those specific issues but I mean if the court or if the panel has specific questions on that. Well I guess my problem with the merits decision is it's technical I think you know in reading that I think that BIA didn't follow correctly all of the analysis that needs to be done under the convention against torture but you don't I mean have you abandoned that argument? I mean are you not raising it? No we're not we're not abandoning that issue your honor it's just like I said I was focusing on two issues. What is your argument let me ask you then what is your argument on cat? On cat we would argue that the judge focused on the applicant not not proving that it was impossible for him to be able to move to anywhere else in his country so in essence that's our argument that it's not it wasn't the applicant's burden to do that and that the judge should have expanded more on his reasoning as to why he's not eligible for convention. Do you argue that the beatings that he he suffered in Mexico rose to the level of torture? We would argue that it rose to the level of torture he was detained for I believe it was 12 hours by police well not specifically by police that he knows of but the police actually took him under the false claim that he had stolen a purse and taken to an unknown location where he was there tortured we would we would note that the beatings were not minor even though he didn't go to the hospital does not mean that he didn't suffer emotional distress and mental suffering during that instance and my time is up your honors but if you have well I think judge Van Dyck has a question for you. So counsel just so I understand the relationship between your two different petitions that you're talking about merging if if we disagreed on the motion to reopen with with you if we agreed with the government with the BIA on the motion to reopen do we even reach any of these other merits issues or are they independently before us do they our ability to review those does that depend upon you prevailing on your motion to reopen? I mean I think there there would there would still be merit in him being able to revisit the issues with convention against torture however if he if the court did agree with petitioner then he would be able to seek other forms of relief though what I could think of right now is possibly voluntary departure which is not a minimal type of. Counsel you have two appeals you have appeal number 17-72624 and appeal number 18-70164. Yes I understand but I believe that those are consolidated. They are consolidated that doesn't that's not the same thing as merged. Oh I see what you're saying um okay so maybe I didn't. So I think make sure I so I think what your your argument is is that the cat claim doesn't require uh doesn't necessarily require you to be reopened but you have other claims that if you could get a reopened you would be able to to bring. Yes that claim does not depend upon you being able to reopen. No no. Okay thank you. We will hear from the government now. Mr. Stanton. Good morning your honors. My name is Bo Stanton. I'm an attorney at the Justice Department here on behalf of William Barr and there are two overarching issues in this case. One is one that's been talked about in some detail whether or not the board abused its discretion in denying petitioners untimely number barred motionary open based on ineffective assistance of counsel. And just to answer your question about whether or not these petitions for review merge whether or not the motionary open merges with the withholding only proceedings it does not. These are two separate petitions for review that are reviewed independently of one another and in this case the petitioner didn't dispute that he had an untimely motion and number barred motion. He also didn't dispute that even if the board found that the motion was timely and equitably told all the way back to when he first discovered the error in 2001 the motion would still be untimely. Doesn't dispute this and he also doesn't dispute that there is no due process violation here because the alleged error occurred outside the proceedings. Petitioner's counsel argues that there's cases that say if an attorney ends up committing a mistake then that's ineffective assistance of counsel but doesn't give any cases because that's not the case in this circuit. If you look at the circuit's case in Laura Torres v. Ashcroft 404.3d 1105 the court made clear there that the unfairness of the action had to occur while proceedings were going on after a charging document was filed. In this case petitioner filed an affirmative asylum application in 2000 and you can find this in the record second record page 41. Then the notion to appear the charging document was filed after that in February of 2001 and you can find that in the first record page 128 and so any alleged error had no bearing on the outcome of the removal proceedings themselves so there is no due process violation and the final ground that they don't challenge is the fact that no effort was undertaken to comply with the matter without a requirement and the board in its decision even acknowledged that these requirements need not be originally enforced but in this case the petitioner made no effort whatsoever to demonstrate what other actions were taken to try to comply with those other requirements or whether or not the error was plain from the face of the record during their removal proceedings and the board even acknowledged that from this record the petitioner claims that the second attorney and the first attorney committed these sort of errors but there was never an attorney entered in those removal proceedings so when you step back and look at the motion to reopen based on the ineffective assistance council claim there was no ground upon which the board could find to grant it and so we would argue that the court should not disturb the denial of this motion to reopen well the second second issue in this case is whether or not substantial evidence supports the board's conclusion that petitioner did not establish eligibility for withholding or removal or protection under the convention against torture and i know miss warlaw you um dr warlord excuse me that you um had some questions perhaps about the convention against torture i'd be happy to take any questions on that before i i jump into the meat if you have any that is yeah i do have a question about the analysis um where where in the bias analysis excuse me secondly where in the bias analysis of barcenas hat claim does it mention the country conditions evidence in the record the you're right via the board of immigration appeals didn't specifically reference that documentary evidence in reviewing that decision or in reviewing that evidence but the immigration judge did talk about the evidence as a whole right right and we met where we the bia did not incorporate the ij's discussion of the country conditions report um i i respectfully disagree if you look at the board's decision it says that it finds no clear error in the predictive findings of the immigration judge regarding the likelihood that he will face torture buyer with the consent or acquiescence including willful blindness of any public official or person acting in an official capacity incites the immigration judge's decision right but we we have sitting on bonk we have held that even where the bia agrees with ij's decision that does not mean that it adopted it or incorporated it and i don't see any mention of the country conditions um by the bia well the the lack of this mission isn't fatal to the board's decision because you look at the decision as a whole you you can tell that it actually considers the record actually we do have several cases that say the the bia it could have adopted incorporated the ij's decision but it didn't we have several cases that have remanded when the bia does not expressly discuss all the evidence in the record on a cat claim i'm sorry after four days of doing this i'm losing my voice but did you get my question uh yes your honor and um i i i i see what you're saying in terms of having case law out there but i've also seen case law too that says where the board of immigration appeals doesn't mention every piece of evidence but it's clear from the decision itself that it did consider the record as a whole and rendering that decision it was thoughtful it cited to the record it cited the law it just wasn't a boilerplate decision that's sufficient to conclude that the board did consider the record in its entirety and so based on the do you have a ninth circuit case you can refer me to um i'm not off the top of my head your honor but i would be happy to file um something after this argument um bringing those cases to your attention that would be helpful also the only other concern i have with the cat analysis is that the bia stated that barcenas did not carry his burden of showing that internal relocation to tijuana was unreasonable but you know right that it's not the petitioner's burden to show that internal relocation um that he could not relocate it's the government's burden to show that he could relocate right um i believe that in terms of whose burden it is for the cat protection let me just give you just give me one moment your honor because i did brief this issue um in the government's brief and then i relied on some law let me help you it is the petitioner's burden to show eligibility for cat i i agree with you that it's it's the petitioner's burden always to show that they're eligible for relief but once they've shown that it's the government's burden to show they could relocate not the petitioner's burden and the other reason it bothers me is i feel like i know this this sounds technical and i i i'm not sure that barcenas could ever prevail but it concerns me when over time i see that bia's decision sort of slipping away from the well-established law regarding how this analysis is supposed to go i i definitely appreciate that your honor sorry can i jump in here this is yes and i can ask a couple questions i just want to be sure i'm clear about your answers to judge wardlaw's questions counsel first of all i think i understood your position that your position the government's position is that the bia did in fact incorporate the um the ij's decision here you cited to the language that said it agreed and then and then cited to the is that and then cited to the ij's decision so is it your position that that that the bia did incorporate the ij's position and specifically with regard to the country conditions oh yes your honor we make that argument in our brief as well okay so that i just want to make sure i'm clear on that that's your decision and secondly is that your position do you do you is your position that the or not that the bia has to mention the country conditions in its order or or can the bia rely on the on on ij's analysis that mentions the country conditions um i believe it's twofold one is that it can rely on the immigration judge's decision and findings and in this case i think it was pretty explicit that they did so but also even ignoring let's say they didn't even incorporate the immigration judge's decision you can tell from the body of the whole decision itself that they did consider the record while they may not have mentioned counsel running out of time i thought that was your position i just wanted to make sure and then one other thing i just want to make sure judge warlaw's other questions on the on the uh maldonado issue of of um the relocation issue uh i i think judge warlaw said that the bia had said that it was the uh that it was the i think i heard her right that that it was the petitioner's burden to prove that the internal relocation was not reasonable but i don't think the bia's decision i'm reading it here it says um i think the b i read the bia's decision is saying that that that the immigration judge did not require them to prove that it was impossible um and so uh i what is your position on what the bia you know i think i think the case that judge uh warlaw not to put words in her mouth i think she's referring to the maldonado case which was the en banc decision by this court about this whole relocation thing what do you how do you read that case as far as who's got the burden and what is and and and what do they have to show impossibility uh reasonableness i what's your position on that so the um and we do actually cite that same case of the maldonado decision in our uh in our brief that in answering this argument because at no point did the board deny him you know cat protection solely because re-internal location was impossible those words were never even used if you step back and look they did what they're supposed to do under the regulations they're supposed to look at any relevant factors that bear on the likelihood of future torture torture in the country the petitioner is going to return to and so the government's position is the re um the relocation finding is one part of the much larger cat finding because the board also an immigration judge also found that there was no past torture and i know petitioner's counsel says you know that there the experience wasn't very severe and so you know even from his own words he didn't experience harm that rises to the level of past torture but even if yes yes your honor excuse me um yeah i i i understand what you're saying but i think what judge van dyke and i were both focused on is the language that um the where the bia says we agree with the immigration judge that the applicant did not carry his burden of establishing that it would be unreasonable for him to internally relocate and it's i guess my point and i'm maybe judge van dyke is asking you it another way is whether it's the applicant's burden to establish that it would be unreasonable for him or whether it's the that that would be helpful to know council yeah you know your honor i i i'm not i would prefer to read that case again before i go out on a limb and tell you exactly what it says um i know that's not very helpful again i could i could write a letter and expound upon that a little more but i just don't want to uh you know go out there without really knowing for sure i um council and if you want if you want to do a short letter follow-up letter brief on the two points we mentioned um we would welcome that so i appreciate that um and you're you're over your time i i think we helped you get there but um i i'm going to stop you right now and um i think i have to give a petitioner one minute so if you want to just briefly sum up and then i will give petitioner one minute um thank you your honor um yes um you know for all the reasons that we lay out in our brief we believe both petitions for review should be docked and denied the board that abuses discretion in denying the motion based on effective system of counsel and substantial evidence does support the denial of withholding of removal and protection under the convention against torture and we would ask the court to uh to deny both those petitions well thank you very much counsel um and miss rodriguez you have a minute uh yes your honor um i was just briefly note that in maldonado um and we did uh brief this in the opening brief on page 32 um it states that neither uh section 1208.16 c2 requires applicant for deferral or removal to prove that internal relocation is impossible that's on page 1163 so that's our position on that um also i would briefly note counsel can i ask you about that i mean yeah you're right that's what maldonado says he says you can't put the burden on the petitioner to show that it was impossible but as i read the bia's decision i mean the bia actually specifically addresses that in his decision and says that although the though the applicant argues the immigration judge held in the proven term internal relocation was impossible and then it goes on to basically reach the conclusion that that uh the immigration judge didn't hold them to that burden to show that it was impossible so i it seems like the bia addressed that and rejected that reading of the bia of the ij's decision um well your honor i would also note that in that same decision in the last paragraph it just specifically states states in its um uh in its decision that the applicant did not carry his burden of establishing that it would be unreasonable for him for him unreasonable as opposed to impossible so it kind of turns on what does maldonado say that they don't have the burden to show that it's unreasonable i don't i'm not sure maldonado says that in fact it says the ultimate burden remains on the applicant i don't know what that means if i mean the applicant has some burden i think uh yes but that wasn't addressed i don't believe in in the bia decision neither in the ij decision and the ij decision i think the wording is impossible um that's i can't point to it unfortunately but from what i um from my recollection i think that's the wording that the immigration judge uses is that it was that it was that he didn't prove that it was impossible for him i don't i don't i don't think that's right counsel but i just did a word search on the bia decision just to make sure i was but i don't think that's it says that in i'm sorry in the ij decision i don't think the ij used the word impossible all right well you're over your time in any event miss rodriguez so thank you very much and we will submit our sentence versus bar and take up lee versus bar okay thank you thank you you
judges: Wardlaw, Choe-Groves, Vandyke